**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Karen Christina Reeves,                )
                                       )
              Plaintiff,               )        No. CV-08-8157-PCT-PGR
       vs.                             )
                                       )
City of Show Low, et al.,              )        ORDER
                                       )
              Defendants.              )
_____    )

        The gist of the plaintiff's allegations in this action is that excessive force

was used upon her during an incident in which defendant Justin Fellows, a City of

Show Low police officer, in the presence of defendant Sergeant Brian Swanty, an

Arizona Department of Public Safety officer, used a Taser on her while she was

handcuffed.  Pending before the Court is the Motion to Dismiss (doc. #12) filed by

defendants State of Arizona, the Arizona Department of Public Safety ("DPS"),

and Sergeant Swanty (collectively the "State defendants".)  The motion, filed

pursuant to Fed.R.Civ.P. 12(b)(6), seeks the dismissal of all of the federal civil

right claims and related state tort claims raised against the State and the DPS,

and the dismissal of the state law tort claims raised against Sergeant Swanty.

Having reviewed the parties' original and supplemental memoranda in light of the

allegations of the complaint, the Court finds that the motion to dismiss should be

granted as set forth herein.

The State defendants argue that the complaint should be dismissed as to the State and the DPS in part because (1) the claims are barred by the Eleventh Amendment; (2) the State is not a "person" for purposes of 42 U.S.C. § 1983, and (3) the DPS is a non-jural entity.  All three defenses are meritorious as a matter of law and the plaintiff does not argue otherwise in her response - she in fact concedes that all of her claims against the State and the DPS are barred by the Eleventh Amendment.  Her sole argument is that the claims against these defendants should be dismissed without prejudice, whereas the state defendants argue that these defendants should be dismissed with prejudice.

The Court agrees with the State defendants that the plaintiff's § 1983 claims against the State and the DPS must be dismissed with prejudice because a § 1983 claim cannot, as a matter of law, be maintained in either federal or state court against a state or an arm of a state.  *See* Pittman v. Oregon, Employment Dept., 509 F.3d 1065, 1072 (9th Cir.2007).  The Court also agrees that all of the state claims against the DPS must also be dismissed with prejudice because the DPS is not a jural entity subject to suit under Arizona law.  The Court, however, agrees with the plaintiff that the state law claims against the State must be dismissed without prejudice because the Eleventh Amendment sovereign immunity doctrine does not apply in state court.[1]  *See* Freeman v. Oakland Unified

---

[1]

The State defendants argue for the first time in their reply that the non-§ 1983 claims raised against the State should be dismissed with prejudice because refiling them in state court would be futile for various reasons, including: (1) the plaintiff's Notice of Claim gave insufficient notice of her state law claims; (2) the plaintiff fails to allege a prima facie case for common-law tort claims; (3) the plaintiff's claims are based on an unrealistic and unfounded standard of care; and (4) that the plaintiff's claims are speculative.  The State defendants do not,

1   School District, 179 F.3d 846, 847 (9th Cir.1999) (Court ordered that a claim

2   barred in federal court by the Eleventh Amendment be dismissed without

3   prejudice so that it could be re-filed in a court of competent jurisdiction.)

4        The State defendants also argue that the state law claims against them are

5   precluded under Arizona's Notice of Claim statute, A.R.S. § 12-821.01.[2]  One

6   argument raised in their motion-related memoranda is that the plaintiff did not

7   properly serve her notice of claim on Sergeant Swanty.

8        Arizona's notice of claim statute, A.R.S. § 12-821.01(A), provides in part

9   that "[p]ersons who have claims against ... a public employee shall file claims with

10  the person or person authorized to accept service for the ... public employee as

11  set forth in the Arizona rules of civil procedure within one hundred eighty days

12  after the cause of action accrues."  The failure to properly serve the required

13  notice of claim on the individual public employee defendant prior to suit requires

14  the dismissal of the suit against that defendant. Lee v. State, 182 P.3d 1169,

15  1171 (Ariz.2008) ("If a claimant fails to file the notice of claim as required, the

16  claim is barred.")

17       Since the State defendants do not dispute the issue, the Court accepts for

18  the purpose of resolving the motion to dismiss that the plaintiff mailed the notice

19  of claim to Sergeant Swanty using the post office box address of the Phoenix

20

21  _____

22  however, cite to any case law requiring such issues to be resolved by this Court
    when state claims are dismissed pursuant to the Eleventh Amendment, and the
23  Court declines to reach them.

        [2]
24          Because the Court is dismissing the state law claims against the State
    and the DPS on other grounds, it concludes that this issue is pertinent only as to
25  Sergeant Swanty.

26

office of the DPS, and sent a facsimile copy of the notice to Sergeant Swanty using a DPS fax number, and that the mailed copy was not returned as undeliverable by the U.S. Postal Service and that the faxed copy was successfully transmitted to the DPS telephone number to which it was sent.  The acceptance of those facts, however, is not sufficient to establish that the plaintiff has met her burden of establishing proper service of the notice of claim.  The initial, and decisive, issue here is not whether service of a notice of claim may be accomplished through the regular mail, it can, *see* Lee v. State, 182 P.3d at 1173 ("We hold that a filing under A.R.S. § 12-821.01(A) may be accomplished through the regular mail, and that proof of mailing is evidence that the governmental entity received the notice[,]") nor whether Sergeant Swanty at some point actually received the mailed notice or the faxed copy, *see* Falcon v. Maricopa County, 144 P.3d 1254, 1256 (Ariz.2006) (Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of § 12-821.01(A)), but whether the plaintiff's attempt to individually serve Sergeant Swanty by sending the notice of claim to him through the Phoenix DPS office was statutorily proper. The Court concludes as a matter of law that it was not.

Pursuant to § 12-821.01, a notice of claim must be filed with a person authorized by the Arizona Rules of Civil Procedure to accept service.  Under Rule 4.1(d), service on an individual means either personal service, service at the individual's dwelling house or usual place of abode through a person of suitable age and discretion then residing therein, or service through an agent authorized by appointment or by law to receive service.  The plaintiff's attempted service on Sergeant Swanty through the DPS Phoenix office does not satisfy any of these requirements.  *See* DeBinder v. Albertson's, Inc., 2008 WL 828789, at *3 (D.Ariz.

March 26, 2008) (Court dismissed state law claims against police officer Clevinger due to the plaintiffs' failure to properly comply with the service requirement of A.R.S. § 12-821.01 because the notice of claim directed to Officer Clevinger was merely sent by certified mail to the Bullhead City Police Department to the attention of Officer Clevinger.)  Because the plaintiff failed to properly file her notice of claim with Sergeant Swanty, the Court will dismiss all of the state law claims raised against him with prejudice.  Therefore,

IT IS ORDERED that the Motion to Dismiss (doc. #12), filed by defendant State of Arizona, the Arizona Department of Public Safety, and Sergeant Brian Swanty, is granted pursuant to Fed.R.Civ.P. 12(b)(6) as follows: (1) all federal claims alleged in the Complaint against the State of Arizona and the Arizona Department of Public Safety are dismissed with prejudice; (2) all state law claims alleged in the Complaint against the State of Arizona are dismissed without prejudice; (3) all state law claims alleged in the Complaint against the Arizona Department of Public Safety are dismissed with prejudice; and (4) all state law claims alleged in the Complaint against defendant Sergeant Brian Swanty are dismissed with prejudice.

IT IS FURTHER ORDERED that all claims alleged in the Complaint against defendant Spouse Swanty and defendant Spouse Fellows are dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m).

IT IS FURTHER ORDERED that the remaining parties shall file an Amended Joint Case Management Report no later than May 26, 2009.[3]

IT IS FURTHER ORDERED that the Scheduling Conference shall be held

---

[3]
     The parties are directed to review the Court's order entered on March 3, 2009 (doc. #16).

on **Monday, June 8, 2009, at 11:30 a.m.** in Courtroom 601.


DATED this 27th day of April, 2009.



Paul G. Rosenblatt
United States District Judge